Shauck, C. J.
If the cause were for determination here upon the effect of the evidence to establish an advancement to Mrs. Flory without regard to the provisions of the will, we might reach the same conclusion that was reached in the court below. But that the defendant in error was not entitled to the relief awarded her becomes apparent when the real character of her suit is *76 considered. It was not a suit to set aside the will of Larkin Younce because of testamentary incapacity, for that is not the prayer of the petition, and the validity of the will is conceded. Nor is it a suit by persons occupying a trust position for the direction of a court of equity respecting their duties under an instrument of doubtful meaning, for the will exhibited is entirely free from ambiguity and no doubt as to its meaning is alleged. In substance, Mrs. Flory’s suit was for the reformation of her father’s will because of an alleged mistake affecting the provision in her favor by charging her with the second item entered in his book of advancements. The testator’s book of advancements was regularly kept and unmistakably identified. The item in question was charged against her therein by his express .direction and in his presence, and by the clear terms of the fourth item of the will the devises to all of his children were made subject to the charges against them in the book of advancements. The diminution of the gift to Mrs. Flory by the amount of the item charged would not have been more certain if the provision in her favor had been “I give to my daughter Millie an equal share of my estate with my other children but subject to an advancement of $2,850 which I have made to her.” In the judgment under review and in the argument here offered in its support there is a manifest denial of the effect of a clearly expressed testamentary intention. Whether the item in question would properly be regarded as an advancement if Larkin Younce had died intestate is quite apart from the question presented. The clear expres *77 sion of the testator’s intention that the item charged shall be treated as an advancement is conclusive with respect to that question. It is sufficient that when engaged in the exercise of- his unquestioned power to dispose of his property as he desired, he chose to treat this item as an advancement and to devise to her an equal share of his 'estate diminished by that amount. The case is within the elementary rule that although courts of equity will hear such parol evidence as may aid them in construing a will, they will in no case reform a will. These views are in accordance with Painter v. Painter et al., 18 Ohio, 247, where-the general subject is treated at length. Judgments of the circuit and common pleas courts reversed and judgment for the plaintiffs in error.

Reversed.

Price, Crew, Summers Spear and Davis, JJ., concur.